# DAVIS AND DAVIS

ATTORNEYS AT LAW

THE LINCOLN BUILDING
514 10TH STREET, N.W.
NINTH FLOOR
WASHINGTON, D.C. 20004

CHRISTOPHER M. DAVIS
MARY E. DAVIS

OFFICE: (202) 234-7300
FAX: (202) 639-0458

December 21, 2006

Rachel Carlson Lieber, AUSA
John V. Geise, AUSA
555 Fourth Street, N.W.
Washington, D.C. 20001

        Re:  Discovery in <u>United States v. Lawrence Maynard</u>
             Criminal No. 05-386-10(ESH)

Dear Ms. Lieber/Mr. Geise:

        In regard to discovery matters in the above referenced case,
below is a list of materials in which we are of need.
Additionally, please provide us with copies of radio runs and any
404(b) notice that may have been provided to prior counsel for
Mr. Maynard.  This request will serve as formal notice that we
are requesting said materials.

        **A.   <u>STATEMENTS/WAIVERS BY DEFENDANT</u>**

                **I. written statements**

        1.  Any written or recorded statements made by defendant

that are known or through the exercise of due diligence should be

or may become known by the United States Attorney or the

Department of Justice [hereinafter Assistant United States

Attorney or AUSA] to be in the possession, custody or control of

the United States or which by due diligence can be obtained from

its agents or any other responsible person.[1]

Additionally, list the name, address, and phone number of each person present when any statements were made by the defendant. List the exact time, place, and date of any statements. State whether any statement was volunteered or in response to questions. Identify any questioner or interrogator.

### ii. oral statements

2. Reduce to writing all oral statements by the defendant which, if they were written or recorded statements, would be requested in paragraph one. Provide the same information requested in paragraph one. This includes, but is not limited to, all statements (whether inculpatory or exculpatory, in any way relevant to the alleged crime, whether volunteered or in response to questions, directions, or communications of any kind, and all observed behavior of the defendant) known by the government, available by the exercise of due diligence or made to any responsible persons.

### iii. waivers

3. List in detail all communications of the defendant, in any form, that are purported to be any waiver of his\her legal or constitutional rights. Include the exact date, time, and place

---

The term "any other responsible person" means any person involved, in any manner, state or federal with the investigation of the crimes alleged and/or the preparation or presentation of this prosecution.

of any such communication or waiver and the names, addresses, and phone numbers of all witnesses to such communication. Reduce any oral waivers to writing.

### iv. produce waivers

4. Produce, list, provide, or reduce to writing, all waiver forms, warnings, cautions or instructions that were communicated to the defendant in any form in connection with any written or oral statement, response, communication, or observed behavior of the defendant at any interview, examination, or evaluation. Include the exact date, time, and place of any such communication and the names, addresses and phone numbers of all witnesses to such warnings.

### v. invocation of rights

5. Produce in writing, reduce to writing, and/or provide copies of all written or oral statements, all responses to questions, directions, or communications of any kind and all observed behavior of the defendant during any interview, examination or contact described in paragraphs one through four (1-4) by or through which the defendant: (a) indicated that s\he did not wish to, or would not, respond to any question, direction, or communication; (b) failed to respond to any question, direction, or communication.

### B.    STATEMENTS BY CO-DEFENDANTS/

3

## CO-CONSPIRATORS

### I. written statements

6.  Provide the same information requested in paragraph one for any written or recorded statements made by any co-defendant or alleged co-conspirator whether indicted or not.

### ii. oral statements

7.  Provide or reduce to writing the same information as requested in paragraph two for any oral statements by any co-defendant or alleged co-conspirator whether or not the statements were written or recorded by any responsible person.

### iii. co-conspirator hearsay

8.  Describe specifically each statement which will be tendered for admission as an alleged co-conspirator hearsay exception pursuant to Fed. Rule Evid. 810(d)(2)(E). Provide the same information as requested in paragraph one for each such statement.

### C.  PHYSICAL EVIDENCE

### I. from defendant

9.  List and describe all objects, substances, or materials seized from the defendant at any time in connection with this charge, including but not limited to items seized from his body,

4

at his\her home, his\her vehicle, his\her place of business, at
the scene of his\her arrest, or seized from anyone or any place,
purported to belong to the defendant. State the name, address,
and phone number of each individual who seized items from the
defendant or another or who was present when any item was seized.
State specifically where the item was seized and the exact date
and time of the seizure.

### ii. from co-defendant's/co-conspirators

10.   List and describe all physical objects, substances, or
materials, seized from or allegedly belonging to any co-defendant
or alleged co-conspirator. If the item(s) was seized in a
building or vehicle, state exactly where within the building and
room or vehicle each item was seized.  State the exact time, date
and place of seizure and the name, address, and phone number of
each individual present when such item was seized and indicate
each individual who seized each item.  List the name, address,
and phone number of each person who was present when each item
seized came into the possession of the government or any
responsible person.

### iii. from alleged victims

11.  Provide the same information requested in paragraphs nine
and ten for all physical samples, substances, evidence or materials

5

seized from any alleged victim, living or deceased.

### iv. from crime scenes

12.    List, describe and produce for inspection all physical evidence removed from the scene(s) of the alleged crime(s). Describe exactly the location where each item was seized.    State the name, address and phone number of each individual who seized each item.    Provide the same information for all individuals present.

### v. produce warrants

13.    State specifically the circumstances which led to the defendant's arrest and the arrest itself, including but not limited to the date, time and place of his\her arrest and the names, addresses and phone numbers of the person(s) arresting the defendant and all those present at the time of the arrest.    Produce any arrest warrants and supporting affidavits filed against the defendant.

14. Produce copies of all arrest and search warrants and affidavits obtained, or attempted to be obtained, in the investigation of this or related matters.

### vi. produce pictures

15.    Produce copies of all photographs or videotapes of the defendant, co-defendants\co-conspirators, alleged victims, scenes of the alleged crimes, any alleged weapon(s), any alleged drugs or

6

any other item or area, any pre-trial photographic identification procedure or display, any photographs of lineups and any composites done in connection with this case.

### vii. produce objects or documents

16.  Produce all books, papers, documents or tangible objects or copies or portions thereof, that are in the possession, custody or control of the United States which have any evidentiary value in regard to the guilt or innocence or the sentence of the defendant or which may lead to such evidence or which the United States is retaining for potential use in evidence at any trial or hearing of this case.

### viii. produce demonstrative exhibits

17.  Produce copies of any maps, sketches, diagrams relating to the alleged charges in the possession of the Assistant United States Attorney [AUSA] or his agents, including any law enforcement agency, which the AUSA intends to offer in evidence or which he is retaining for potential use in evidence at any trial or hearing in this case.

### ix. produce audio\video tapes

18.  Produce and provide a copy of any and all audio or video surveillance tapes made during the course of this investigation involving the defendant, any codefendant or coconspirator or any

other person in connection with the charged crime.  Identify the
date, time and place of the audio or video recording.  Provide the
name, address and phone number of all persons recorded. Provide the
name, work address and phone number of any and all law enforcement
officers who monitored or engineered or were responsible for said
recordings. Produce any logs or notes regarding when and how said
recordings were made.

### x. produce all physical evidence for testing

19. Produce for inspection and testing all physical evidence
obtained in connection with the investigation of this case and
listed or described in Section C, including any alleged illegal
substances. List, describe and produce for inspection all physical
evidence obtained in connection with the investigation of this case
that is known, or could be known by the exercise of diligence, to
be in the possession of the United States or its agents, including
any law enforcement agency, that has not previously been
specifically described.

### xi. destruction of evidence

20. State whether any item, object or property described in
Section C or seized from any of the above-mentioned places has been
disposed of. Specify the exact date and method of disposal and the
person responsible for disposal. State the name, address and phone
number of any and all persons who were notified of the disposal or

8

destruction of any item in connection with this case.

### D. SCIENTIFIC REPORTS

21.   Produce copies of all data, results, records or reports of physical or mental examinations and of scientific tests or experiments made in connection with the alleged crimes (regardless of whether the results were conclusive or inconclusive) that are known or through the exercise of due diligence should be or may become known by the United States to be in the possession, custody or control of the United States or in the possession of any person involved with the investigation, preparation or presentation of this prosecution.   This includes but is not limited to:

a) **from defendant, co-defendant\co-conspirators:** Reports and notes and all other papers, photographs, slides, videos, specimens, and objects relating to scientific examination of any item or substance seized from the defendant's or co-defendant's/co-conspirator's bodies, alleged residences or places of business, the scenes of the crimes alleged, any automobile, jail or other place as described in Section "C" or purported to belong to the defendant or to any other person investigated in connection with this case;

b)   **from victims, witnesses or others:** Records, reports, results, charts, x-rays, notes of any physical, medical, psychiatric, psychological, neurological or autopsy examination conducted in connection with this investigation or which may be

9

used in evidence by the prosecuting attorney, including, but not limited to, all such records of any alleged living or deceased victim;

c) **finger or voiceprints:** Records, reports and results, whether negative, positive or inconclusive, relating to *any* attempt to obtain fingerprints or voiceprints in connection with the alleged crimes. State the name, address and phone number of each person who attempted to obtain fingerprints or voiceprints and the location or subject matter of such attempt, and state the results of each attempt. Attach copies of all laboratory reports, whether positive or negative, conclusive or inconclusive;

d) **polygraph:** Reports, memoranda, charts, tape recordings of any "lie detector" or "polygraph" test administered to the defendant or any codefendant\coconspirator or other person in connection with this case. State the name, address and phone number of the polygraph test operator and a copy of any pre-or post-test interview. Attach any written report indicating the results of any such test whether conclusive or inconclusive. Reduce to writing and provide any oral opinion or result of any polygraph examiner or test or any pre- or post-test interviews not previously reduced to writing;

e) **chain of custody:** The *specific* information requested in paragraphs 21 "a" through "d" regarding scientific data, reports,

10

records or results, including the names, addresses, telephone numbers of any persons involved in obtaining, transferring, testing or analyzing physical objects or samples collected in the investigation of the alleged crimes, involving any item or any person not already mentioned.

### E.    IDENTIFICATION PROCEDURES

### I. lineup, etc.

22.    State the exact date, time, and place of each lineup, show-up, or photographic display or "composite" procedure conducted in connection with this case by any representative of any law enforcement, prosecuting, court or detention authority. State the name, address and phone number (and position) of each participant in the lineup(s), etc.[2], each attorney present at the lineup(s), etc.., and all other persons present at the lineup(s), etc. State any positive, tentative, "look-a-like" or hesitant identifications of any person in the lineup(s), etc.    State whom each witness identified, if anyone.    Describe exactly the nature or degree of the identification, including but not limited to the amount of time between first viewing the person(s) in the line-up(s), etc., and making an identification and the content of any statements made by any person to whom the line-up(s), etc., was presented. Produce a

_____

"Lineup(s), etc." means lineups, show-ups, photographic displays, "composite" procedures or any other identification procedures.

copy of any videotape or photograph used in any attempted or completed identification procedure as already requested.

### ii. composite

23.  State the exact date, time, and place of each composite drawing or photographic composite attempted or completed by any person in connection with this case known to the United States or any other responsible person.  Provide the name, address, and phone number of each witness, potential witness or person who attempted or completed any composite drawing or picture, of any artist or professional personnel or person who assisted in attempting or completing any composite drawing or picture and of any other person present.  Produce a copy of any composite attempted or completed as already requested.

### F.  <u>WITNESSES</u>

### i. informants

24.  Name any informant or cooperating source who provided information to the police concerning the charged crimes.  Provide his/her current address and phone number.

### ii. interviews

25.  List the name, address, and phone number of each person who has knowledge of the charged offenses or knowledge pertaining to this case or who has been interviewed

by the United States or any of its representatives or any police

department or any law enforcement agency, or interviewed by anyone else known or knowable through due diligence by the United States and its agents, in connection with this case.

### iii. potential witnesses

26. List the full name, current address, and phone number of any witnesses having to do with the offenses charged in the indictment.

### iv. law enforcement personnel

27. List the name, addresses, and phone number of each police officer, federal law enforcement officer, jail or correctional guard, probation or parole officer or representative of a law enforcement authority who has had any connection with the investigation of the alleged crimes.

### v. court\detention personnel

28. List the name, address, and phone number for each representative of any prosecution authority, detention or court authority (prosecutor, jailer or judge) who has had any connection with the investigation of the alleged crimes.

### vi. witness's role

29. State how the persons listed in Paragraphs 25, 26 and 27 are connected with the alleged crimes.

### vii. witness list

30.   List the name, address, and phone number of any person whom the government intends or will potentially call as a witness in any trial or hearing in this case. *See 18 U.S.C. §3432.*[3]

## viii. arrest and conviction record

31.   Provide detailed information regarding the local, state and FBI arrest and conviction records of all persons referred to or listed in Section F.   This specifically includes any witness or potential witness at any trial or hearing in this case and includes all co-defendants and all alleged co-conspirators.

## ix. police reports

32.   Attach copies of all reports, records, dictated thoughts, audio or video recordings, investigative letters, or memoranda made by any representative of any law enforcement authority, including the Federal Bureau of Investigation, in connection with the investigation of the charged offenses.

## x. written statements

33.   Provide copies of all written statements, whether inculpatory or exculpatory, relevant in any way to the alleged crimes, made by any person, witness or potential witness in

---

18 U.S.C. §3432 recognizes the unique nature of capital cases by carving an exception for death penalty cases requiring a witness list "at least three entire days before commencement of trial..." The statute was last revised in 1940, "permitting an additional days preparation for trial in homicide, kidnaping, rape, and other capital cases." This change, said to be "not unreasonable" forty-two years ago, and for that time period it wasn't, must be updated in terms of current reality. It is within the power of this court to do so. Section 3432  directs that " a list... of the witnesses to be produced on the trial" *at least* three days before.

connection with the charged offenses in the possession of the United States or any other responsible person.

### xi. oral statements

34.  Provide all oral statements made by any persons referred to in Section "F" which tend either to exculpate or inculpate the defendant or which provide information relevant to the charged offenses.  Reduce such statements to writing and provide the name, address, and phone number of each speaker and of each person present when the statement(s) were made.

### xii. reward offers

35.  Produce copies of all written, audio or visual reward offers made in this case by any party.  List all responses to any reward offers.  Identify the respondent and the date and time of the response.

### G.  EXCULPATORY EVIDENCE AND EVIDENCE FAVORABLE TO THE DEFENDANT

36.  Produce all of the following items that would tend to exculpate (to any degree) the defendant of the alleged crimes, or of any degree or grade of criminal liability in connection with the alleged crimes, or to support any factual or legal defense to the alleged crimes, or to any of their degrees or grades, or which is relevant to the mitigation or extenuation of the alleged crimes or possible punishment, or of any of its degrees or grades:

a)  any written statement of any person;

b)  any oral statement of any person;

c)  any real or physical object, substance, or material;

d)  any record or report;

e)  anything mentioned in subsections "a" to "d" which tends to suggest that someone other than the defendant was the perpetrator of the alleged crimes -or that defendant was not a part of a conspiracy/CCE or any overt act as charged;

f)  any positive, tentative, hesitant, "look-a-like" identification, even if subsequently retracted, of any person other than the defendant (whether in person or by picture) as the perpetrator or involved in the alleged crimes in any manner;

g)  all data, results, records or reports of physical or mental examinations and of scientific tests or experiments made in connections with the alleged crimes on any and all other participants or suspects, regardless of whether the results were conclusive or inconclusive; and

h)  any other information or thing.

37.  Produce the names, addresses, phone numbers, pictures or mug-shots, local, state, FBI arrest and conviction records of any other alleged participants, co-conspirators, informants or suspects questioned by any representative of any law enforcement authority or any other responsible person in connection with the investigation of the alleged crimes.

38.  Produce a copy of any investigative letter, record, report, transcript, tape recording or memorandum relating to any interview with any other alleged participant or suspect referred to in answer to this motion.

39.  List any pending charges against any person, co-

conspirator, informant, potential witness or witnesses who will or may be called as a witness in any trial or hearing in this case or who has provided information in this case. Specify any deal, promise, suggestion of leniency or favorable treatment made to any person by any responsible individual in regard to this case.

40. Describe the circumstances and identify those individuals, if any, who contacted the authorities or police in regard to the alleged conspiracy\CCE and, separately, regarding defendant's role in any conspiracy\CCE. Provide the name, address and phone number
of all persons involved in or with knowledge regarding those contacts. Provide the exact date and time of any contacts.

### F.  DEFINITIONS

41. As used in this letter for discovery and inspection, the following terms have the following meanings:

> "Statements" include all descriptions and assertions of fact or opinion in any form, including but not limited to verbal, numerical, graphic, pictorial, and demonstrative form.
>
> "Written statements" include all writings, transcriptions, paraphrases, summaries, notes, and numerical, graphic, pictorial, or demonstrative depictions of statements, whether signed or unsigned; all written materials, including but not limited to records and reports prepared by law enforcement and prosecuting authorities, their representatives, and all professional

personnel, reflecting the existence, contents, or nature of statements; recordings and real or physical objects, reflecting or used in any assessment of the veracity or reliability or statements by polygraphic or any other means; and all reproductions thereof.

"Oral statements" include all oral statements stenographically, mechanically, or manually recorded, or not recorded.

"Records or reports" include all records and reports, whether formal or informal, written or recorded, and all notes, notations, or memoranda.

"Or" is used inclusively.

"Law enforcement authority" includes every municipal police department, every county sheriff's or police department, every state police agency, the Federal Bureau of Investigation, and every other city, county, state, federal, or military agency having responsibilities for criminal law enforcement or criminal investigation; and the successors of each.

"Prosecuting authority" includes every local, county, city, state prosecutor, every United States Attorney's office, the United States Department of Justice, and every other city, county, state, federal or military agency having responsibility for the prosecution of c riminal offenses.

"Detention or court authority" includes the county jailer, the Department of Corrections, any state parole board, the United States Parole Board, the Federal Bureau of Prisons, and every other city, county, state, federal or military agency having responsibility or maintenance of any prison, jail, holding facility, or program of parole or probation; and every probation department of every court.

"Representative" includes every official, officer, deputy, assistant, agent, servant, or employee of an authority, whether full-time or part-time, and whether paid or unpaid; every consultant and every person who has acted at the instance of, or who reports to, any such person; and the successors of each.

## G. CONCLUSION

42. Each and every request in this motion, whether made in one or more paragraphs, is severable. Multiple requests, even if made in one paragraph, should be treated independently. Each individual referred to in this letter and subsequently referred to by "paragraph" or "section" should be treated individually. If certain information is refused by the government, the defendant requests all other information, even if incomplete.

The defendant reserves the right to file a motion to produce certain items for testing, examination and inspection after the United States has complied with the discovery requested in this letter. Counsel at this time cannot specifically designate items that may be in the possession of the United States for inspection or for examination since counsel is not yet aware of the items that the United States may have.

43. Each and every request in this letter is a continuing request, up to and including the time of trial or hearing and thereafter, to provide any information or thing that may hereafter come into the custody, possession, or control of, or become

available or known to the United States or any other responsible person which would be described by any of the paragraphs above, if it or they are not now within such custody, possession, control or knowledge of the United States. Fed. Rule Crim. Proc. 16(c).

Yours very truly,

Christopher M. Davis

cc:  Court Jacket