UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :

    v.                                              :   Crim. No. 05-386(ESH)

LAWRENCE MAYNARD                 :

### SUPPLEMENTAL MOTION TO WITHDRAW GUILTY PLEA

Defendant Lawrence Maynard, by and through counsel, supplements his pro se Motion to Withdraw Guilty Plea as follows.

### FACTS

Mr. Maynard was arrested in November, 2005 and an attorney was appointed to represent him. Defendant was charged with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base. Because counsel was going to be unavailable for the scheduled trial date, new counsel was appointed and entered his appearance on June 13, 2006.

Ten days later, Mr. Maynard appeared before The Honorable John M. Facciola in order to enter a plea of guilty. At the end of the proceeding, Magistrate Judge Facciola stated, "I therefore will sign the document that recommends to Judge Huvelle that she accepts your plea of guilty. Counsel, do you have a date from the Judge."[1] Moments later, after discussion on another issue, the Magistrate Judge again stated, "Counsel are

---

[1] Tr. 6/23/06 at 9-10.

directed to call Gwen Franklin as soon as possible to set a date at which Judge Huvelle will consider my recommendation and anything else she chooses to take up."[2]

On June 23, 2006, Magistrate Judge Facciola filed his Report and Recommendations. On September 8, 2006, Mr. Maynard filed his Motion to Withdraw Plea of Guilty. There is nothing indicating that this Court ever accepted the plea.

ARGUMENT

A.  Guilty Plea Was Never Accepted by the Court

Federal Rule of Criminal Procedure 11(d)(1) provides: "A defendant may withdraw a plea of guilty or nolo contendere … before the court accepts the plea, for any reason or no reason."[3] Our circuit, in the recent decision *United States v. Dorian R. Jones*, -- F.3d ---, 2007 WL 28438, D.C. Cir., Jan. 5, 2007 (No. 05-3166) held, "[u]nder Rule 11(d)(1) … the district court has no discretion to deny a pre-acceptance withdrawal of a guilty plea," This is consistent with *United States v. Head*, 340 F.3d 628 (8th Cir. 2003), which the *Jones* court relied upon. In that case, the defendant entered a plea of guilty on August 14, 2002 and approximately 3 weeks later he filed a motion to withdraw the guilty plea. Although there was a plea colloquy, the judge neither explicitly nor implicitly accepted the plea. A review of the proceedings was, of course, limited to those that took place before the filing of the motion to withdraw the guilty plea.

In this case, Mr. Maynard stated several reasons in support of his motion to withdraw the plea. And the Government has responded in turn that none of the reasons is sufficient to justify granting his motion. But what the Government failed to notice is that

---

[2] Id. at 10.
[3] Section 11(d) replaced Rule 32(e) as the section governing the withdrawal of guilty pleas. Prior to this change, which became effective on January 29, 2003, the defendant would have to show a "fair and just reason" for withdrawing the plea.

2

there was no proceeding before the Court at which time the plea was actually accepted. Although the parties were directed by Magistrate Judge Facciola to contact the Court to set a date for a hearing in order for the Report and Recommendation to be considered, apparently no one did this. Therefore, Mr. Maynard need not state any reason to withdraw his plea..

Because Mr. Maynard's plea was never accepted, his motion to withdraw must be granted.

B.  <u>Defendant Can Show A Fair And Just Reason For Requesting the Withdrawal</u>

In the alternative, Mr. Maynard submits that he can show a fair and just reason for requesting the withdrawal.[4] There are three factors to be considered in determining whether the district court abused its discretion in denying a motion to withdraw.  First, this Court must "consider whether the defendant asserted a viable claim of innocence."[5] Second, the Court must consider whether the government would be substantially prejudiced in its ability to prosecute the case.[6]  Finally, this Court should consider whether the plea was somehow tainted.[7]

In this case, Maynard asserts that he has a legitimate defense. There exists the strong likelihood in this case that the government cannot prove Maynard's guilt beyond a reasonable doubt because he is not guilty.  Three of his co-defendants were found not

---

[4] The district court should allow a defendant to withdraw a guilty plea prior to sentencing when he has a "fair and just reason" for doing so Fed.R.Crim.P. 11(d)(2)(A).
[5] *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993).
[6] *Id.*
[7] *Id.*

guilty and the lead defendant's case ended in a hung jury on some counts and not guilty verdicts on the remaining counts.[8] Thus, the first factor is satisfied.

In regard to prejudice to the government, since Mr. Jones is likely to be re-tried, there is no prejudice to the government if Maynard were to be tried.

Finally, this Court must consider if the guilty plea was somehow tainted. Rule 11(b)(1) provides that when advising and questioning a defendant at a plea proceeding, the court **must** inform the defendant of certain rights and determine that the defendant understands those rights. Subsection (d) provides: the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding." Mr. Maynard was not so advised. While he did, in fact, have counsel, it now seems that both attorneys were primarily interested in having him plead guilty. Thus, knowing he had a right to competent counsel at trial was essential. Moreover, subsection (E) provides that the defendant must be informed of his right to testify and to present evidence. While Mr. Maynard was told that he had the right to present evidence and that he could not be forced to be a witness against himself, he was never advised that he had the right to testify on his own behalf.[9] In *McCarthy v. United States*, 394 U.S. 459, 463-64 (1969), the Supreme held "that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." It is only through a thorough inquiry, as required by Rule 11, can the guilty plea be considered truly voluntary.

---

[8] It is important to note that Defendant sought to withdraw his plea before the case against his co-defendants proceeded to trial.

[9] Tr. 6/23/06 at 3.

## CONCLUSION

For the reasons stated in Mr. Maynard's pro se Motion to Withdraw Guilty Plea and this Supplement thereto, Defendant respectfully moves this Honorable Court to grant his motion.

Respectfully submitted,

/s/
Christopher M. Davis #385582

Davis & Davis
The Lincoln Building
514 10th Street, NW – Ninth Floor
Washington, D.C. 20004
(202) 234-7300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via the Court's ECF System upon Rachel Carlson Lieber, AUSA and John V. Geise, AUSA on this 23rd day of January, 2007.

/s/
Christopher M. Davis