UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-386-10 (ESH) |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MAYNARD, | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S REPLY TO DEFENDANT'S
SUPPLEMENTAL MOTION TO WITHDRAW GUILTY PLEA

The United States, by its counsel, the United States Attorney for the District of Columbia, hereby withdraws its opposition to the defendant's motion to withdraw his guilty plea.

FACTUAL AND PROCEDURAL HISTORY

The defendant was arrested in the fall of 2005, and charged with Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine, and 50 Grams or More of Cocaine Base. After lengthy plea negotiations with the government, the defendant appeared on June 23, 2006, before Magistrate Judge John M. Facciola with the intent plead guilty to this one count conspiracy indictment, pursuant to a written plea agreement. Prior to the taking of the plea, the defendant consented to proceeding before the magistrate, pursuant to a written waiver. During the course of the Rule 11 colloquy, Magistrate Judge Facciola asked the defendant a series of questions to ensure that his plea was voluntary, knowing and intelligent, and that there was a factual basis for the plea, as proscribed by Federal Rule of Criminal Procedure 11. Based on the defendant's affirmative answers to the Court's questions, Magistrate Judge Facciola found that the defendant had the affective assistance of a lawyer, that he was pleading guilty of his own free will with an awareness of the consequences of doing so, and that there was

a factual basis for the plea. He then signed the magistrate consent form, which indicated at the bottom as follows:

> On 6/23/06, the defendant appeared before me and expressed his desire to plead guilty. Having made the inquiries required by Fed.R.Crim.P. 11, I am convinced that the defendant is pleading guilty voluntarily and with a full awareness of the consequences and of the rights he is surrendering by plead[ing] guilty. I am also certain, based on the government's proffer, thta there is sufficient evidence to convince a reasonable person that the defendant is guilty beyond a reasonable doubt. I therefore recommend the acceptance of his plea of guilty.

Prior to this Court's formal acceptance of the magistrate's findings and the defendant's plea, on September 8, 2006, the defendant filed a motion to withdraw his guilty plea, claiming ineffective assistance of counsel. The government opposed that motion on September 22, 2006. The Court appointed current counsel in December, 2006, and on January 24, 2007, they filed a supplemental motion to withdraw the plea, on the additional grounds that the Court had not formally accepted the defendant's guilty plea, and thus, he should be permitted to withdraw that plea "for any reason or no reason."

## ARGUMENT

Although there is a split in the circuit courts of appeals (compare United States v. Elfgeeh, 2004 WL 3767299 (2d Cir. 2004) and United States v. Graham, 48 Fed.Appx. 458 (4th Cir. 2002), with United States v. Reyna-Tapia, 294 F.3d 1192 (9th Cir. 2002)), and the District of Columbia Circuit has yet to address the precise issue presented in the defendant's supplemental brief, given the current posture of the conspiracy case, and the pending trial of several of co-defendants, out of an abundance of caution, the government withdraws its opposition to the defendant's motion to withdraw his guilty plea.

Respectfully submitted,

Jeffrey Taylor
United States Attorney

_____
Rachel Carlson Lieber
Assistant United States Attorney
D.C. Bar No. 456-491
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4820
Washington, D.C.  20530
(202) 353-8055; Fax: 514-8707

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by Electronic Case Filing upon counsels for all defendants in this matter on this *31st* day of January, 2007.