UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE MAYNARD<br>  (Lead Defendant:<br>   Antoine Jones) | Crim. No. 05-386-10  (ESH)<br><br>Status Hearing Date:<br>March 23, 2007, 9:30 a.m. |

**DEFENDANT LAWRENCE MAYNARD'S MOTION FOR
ADDITIONAL LAW LIBRARY ACCESS AT THE D.C. JAIL**

Defendant Lawrence Maynard, through undersigned counsel, respectfully submits this motion for additional access to the law library at the District of Columbia Central Detention Facility ("D.C. Jail").

BACKGROUND

Defendant Maynard is currently detained at the D.C. Jail pending trial, which is estimated to last several months.  He is charged with a wide-ranging conspiracy to distribute narcotics.  The alleged conspiracy spans several years and involves multi-kilograms of cocaine powder and over 50 grams of "crack" cocaine.  If convicted, defendant faces a potential sentence of up to life imprisonment.

The case presents numerous complex legal issues, including the legality of several searches and seizures under the Fourth

Amendment; the legality of Title III wire interceptions; and various evidentiary issues.

Initially defendant Maynard pleaded guilty before Magistrate Judge Facciola in this case; however, on February 2, 2007, the Court allowed defendant to withdraw his guilty plea and ordered that he stand trial on November 5, 2007. Because of a scheduling conflict, defendant's attorney, Christopher Davis, had to withdraw from the case. At the request of the Federal Public Defender's Office, undersigned counsel agreed to represent defendant and entered his appearance, effective February 9, 2007.

Now that defendant is going to trial, he understandably wishes to have reasonable access to the law library to ensure that his legal rights are fully protected and to assist counsel in the analyses of the legal issues that are particular to him.[1]

At present, defendant is allowed library access only one hour each week. In light of defendant's upcoming trial, it is essential that defendant have greater access to the law library to meaningfully participate in the preparation of his defense.

### ARGUMENT

It is now well-settled that the Sixth Amendment to the United States Constitution guarantees an accused "meaningful

---

[1] Undersigned counsel and defendant recognize that certain legal issues have already been presented by other counsel and have been ruled on by the Court. Nonetheless, there are certain issues that specifically involve the defendant -- as to which he has standing -- which require substantial legal research and analysis to determine whether additional motions should be filed, and if so, to properly prepare such motions.

access to courts," which includes reasonable law library access at government expense.  Bounds v. Smith, 430 U.S. 817, 828 (1977).

As is obvious, given the seriousness and the complexity of the charges against defendant, his current one-hour-per-week library access does not constitute "meaningful access" within the letter or the spirit of the Sixth Amendment.  See Murray v. Giarratano, 492 U.S. 1 (1989); Alston v. Debruyn, 13 F.3d 1036, 1041 (7th Cir. 1994).

Undersigned counsel is sensitive to the legitimate concerns of the D.C. Jail to run its institution without interference of the courts.  At the same time, the D.C. Jail must be sensitive to the constitutional right of an accused to have "meaningful access" to the law library to prepare for trial.

Moreover, and importantly, we do not believe that the D.C. Jail can point to any security concerns that would prevent defendant from having greater access to the law library.  To the contrary, as we understand, since his confinement at the D.C. Jail, defendant's institutional record has been spotless.

Accordingly, given the foregoing circumstances, we believe that defendant is clearly entitled to additional access to the D.C. Jail law library.  To fully protect defendant's Sixth Amendment rights, we respectfully submit that defendant have 10 hours weekly access to the law library.

## CONCLUSION

**WHEREFORE,** for all the foregoing reasons, we ask that this

motion be granted.

                                        Respectfully submitted,


James L. Lyons  (50690)
Kellogg, Williams & Lyons
1925 K Street, N.W., Suite 200
Washington, D.C.  20006
(202) 496-0722
(202) 331-1257  (fax)
JamesLyons@verizon.net (e-mail)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February 2007, I caused a true and correct copy of the foregoing pleading to be delivered to the parties in this case via the Court's Electronic Case Filing (ECF).

                                               /s/
                                            James L. Lyons