UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,        )
                                 )
                                 )
           v.                    )   Criminal No. 05-0386 (ESH)
                                 )
                                 )
ANTOINE JONES, et al.,           )
                                 )
           Defendants.           )
                                 )

## MEMORANDUM OPINION AND ORDER

Defendant Lawrence Maynard is charged in a single-count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. The charged offense is punishable by ten years to life. See 21 U.S.C. § 841(b)(1)(A)(iii).

At an earlier stage of the proceedings in this case, Maynard had a detention hearing before Magistrate Judge Alan Kay, who ordered that he be held without bond. Maynard then filed a motion under 18 U.S.C. § 3145(b) for this Court to review the magistrate's order and grant release pending trial. Upon briefing, the Court determined that "no condition or combination of conditions [could] reasonably assure . . . the safety of the community" if Maynard were released. 18 U.S.C. § 3142(e). Accordingly, by written order dated December 29, 2005, the Court denied Maynard's motion and affirmed the magistrate's detention order.

Subsequently, in June 2003, Maynard appeared before the magistrate to plead guilty. Shortly before the trial of his codefendants was scheduled to begin, Maynard filed a motion to withdraw his plea. After the trial, Maynard's motion was granted on the technical ground that

the Court had never formally adopted the magistrate's report and recommendation to accept Maynard's guilty plea.

Having successfully withdrawn his guilty plea, Maynard filed a "Renewed Motion to Vacate Detention Order and to Set Conditions of Release." The government opposed the motion, and, during a status conference conducted on March 23, 2007, the Court heard oral arguments.

Congress has provided that a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f)(2)(B). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e)(3). Here, Maynard is charged with an offense under the Controlled Substances Act for which he could be imprisoned for ten years to life. Accordingly, in determining whether Maynard's continued detention is warranted, the Court must begin from the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." *Id.*

Congress has further provided that, for cases in which a defendant is charged with an offense under the Controlled Substances Act punishable by at least ten years, the judicial officer

considering the propriety of pretrial detention must consider four factors :

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> . . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). Here, Maynard's counsel has zealously and ably argued that Maynard's background, family and community ties, and lack of criminal record weigh in Maynard's favor. Nonetheless, the Court is convinced that the first and second factors of 18 U.S.C. § 3142(g) weigh heavily *against* Maynard. Maynard is charged as one of the leading participants in a massive conspiracy to distribute large quantities of cocaine. With respect to the weight of the evidence against Maynard, the Court remains persuaded of the findings of fact set forth in its order of December 29, 2005, which are hereby incorporated by reference. Indeed, having now had the benefit of hearing the government's evidence presented to a jury and subjected to cross-examination in the first *Jones* trial, the Court is more persuaded than ever that there is compelling proof of Maynard's involvement in the conspiracy with which he is charged. Moreover, although Maynard has been permitted to withdraw his guilty plea, his previous

admissions support the government's position that he should not be released on bond.

For the foregoing reasons, Maynard's "Renewed Motion to Vacate Detention Order and to Set Conditions of Release" [# 340] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that Maynard remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

/s/ Ellen S Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

Date: March 26, 2007