UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LAWRENCE MAYNARD**<br>(Lead Defendant:<br>Antoine Jones) | Crim. No. 05-386-10  (ESH)<br><br>Status Hearing Date:<br>Sept. 7, 2007, 11:00 a.m. |

**DEFENDANT LAWRENCE MAYNARD'S MOTION TO SUPPRESS EVIDENCE
OF THE DURHAM, NORTH CAROLINA, TRAFFIC STOP AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Lawrence Maynard, through undersigned counsel and pursuant to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure, respectfully moves to suppress all evidence that was seized by the Durham, North Carolina, law enforcement officers attendant to his stop and detention on April 5, 2005.

BACKGROUND

As the Court is aware from the evidence presented at the first trial, on April 5, 2005, defendant Lawrence Maynard and Derrick Gordon were driver and passenger of a 1997 Honda Odyssey Minivan passing through Durham, North Carolina.  A Durham police officer stopped the minivan allegedly for speeding.  As requested by the police officer, defendant Maynard provided his license and a registration receipt for the vehicle in the name of Antoine Jones.  After questioning defendant and his passenger, the police

1

became suspicious and asked Maynard to consent to a search of the minivan. According to the police, Maynard consented to the search, and a canine dog was brought to the scene and "alerted" on the right side of the vehicle. A search of the minivan revealed a hidden compartment in which was stored six white plastic shopping bags containing a total of $67,115.00 in U.S. currency, in various denominations, held together by rubber bands. The vehicle was impounded; the money was seized as evidence; and Maynard was released with a warning ticket.

The government intends to introduce evidence of the search and seizure in the upcoming trial. Moreover, this evidence formed a critical part of the alleged probable cause for the Title III wiretap warrant in this case.

## ARGUMENT

**The Evidence Obtained As A Result Of The Durham, North Carolina, Search And Seizure And Its Fruits Must Be Suppressed Unless The Government Can Show That The Search And Seizure Fall Within One Of The Warrant Exceptions To The Fourth Amendment.**

The Supreme Court has held that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Here it is undisputed that the seizure of defendant's person and the search of the vehicle he was driving were effected without a search warrant. Thus, the search of the vehicle and the seizure of the money at issue are

presumptively illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, supra, 389 U.S. at 357. Rouse v. United States, 359 F.2d 1014, 1016 (D.C. Cir. 1966).

At a hearing on this motion, we expect that the evidence will demonstrate that the government cannot justify the seizure of defendant's person in that there was no legal basis for the traffic stop and that defendant did not voluntarily consent to the search of the minivan.[1]

Moreover, the canine "alert" cannot be used by the government as an independent justification of the search because assuming the canine dog was properly qualified to make an "alert," the "alert" itself was a product of the illegal seizure and detention of defendant's person and thus is "fruit of the poisonous tree" under Wong Sun v. United States, 371 U.S. 471, 488 (1963).

**WHEREFORE**, defendant respectfully requests that this motion be granted and that the evidence seized from the minivan and its

---

[1] See United States v. Colin, 314 F.3d 439, 446-447 (9th Cir. 2002)(consent to search invalid when granted during illegal stop of vehicle).

"fruits" be suppressed[2] -- unless at an evidentiary hearing on the motion the government can carry its to burden to show that the search and seizure in this case are permissible under one or more of the warrant exceptions to the Fourth Amendment.

Respectfully submitted,


James L. Lyons   (50690)
Kellogg, Williams & Lyons
1350 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.   20036
(202) 496-0722
(202) 331-1257   (fax)
JamesLyons@verizon.net (e-mail)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July, 2007, I caused a true and correct copy of the foregoing pleading to be delivered to the parties in this case via the Court's Electronic Case Filing (ECF).

/s/
James L. Lyons

---

[2]  These "fruits" include, we submit, the Title III wiretap as it pertains to defendant Maynard.