```
                UNITED STATES DISTRICT COURT                FILED
                FOR THE DISTRICT OF COLUMBIA
                                                           SEP 0 5 2007
                                         )
UNITED STATES OF AMERICA,                )                NANCY MAYER WHITTINGTON, CLERK
                                         )                   U.S. DISTRICT COURT
                                         )
                                         )
                    v.                   )   Criminal No. 05-00386 (ESH)
                                         )
ANTOINE JONES, et al.,                   )
                                         )
                    Defendants.          )
                                         )
```

## MEMORANDUM OPINION

Before the Court are a series of motions filed by defendants Antoine Jones and Lawrence Maynard. Jones's previous trial ended in his acquittal on seventeen counts of using a communication facility to facilitate a drug trafficking offense and a hung jury with respect to thirteen similar counts and one count of conspiracy to distribute or possess with intent to distribute a controlled substance. Both defendants here have moved for reconsideration of this Court's denial of Jones's prior motion to suppress evidence from the government's interception of various wire and electronic communications. *See United States v. Jones*, 451 F. Supp. 2d 71, 75–84 (D.D.C. 2006).[1] In addition, Maynard has moved for severance, and Jones has moved for leave to file various *pro se* motions; to exclude evidence related to his prior acquitted conduct; and to compel the production of evidence obtained through the use of pen registers or to preclude its use at trial.[2]

---

[1] The Court previously granted Maynard's motion to adopt Jones's motion to suppress and several other motions previously filed by Jones. *See United States v. Jones*, No. 05-00386, Order (D.D.C. July 5, 2007).

[2] There are six other pending motions in this case: an omnibus motion by defendant Fransico Javier Gonzalez-Ruan [Dkt. 363]; the government's Rule 404(b) motion [Dkt. 364];

## BACKGROUND

Jones and Maynard are charged in a superseding indictment ("Indictment") with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846.[3] As alleged in the Indictment, from at least sometime in 2003 through October 24, 2005, defendants and their coconspirators acquired, repackaged, stored, processed, sold, and redistributed large quantities of cocaine and cocaine base in the District of Columbia, Maryland, Texas, Mexico, and elsewhere. It is further alleged that Jones was the primary supplier of cocaine and cocaine base to members of the conspiracy who in turn distributed the cocaine to purchasers in the District of Columbia and in Maryland.

When investigating the alleged conspiracy, law enforcement agents used a variety of investigative techniques, including surveillance, informants, an electronic tracking device installed on Jones's vehicle, search warrants issued to electronic communication service providers for text messages to or from cellular telephones used by Jones and other conspirators, and a Title III wire intercept. The covert portion of the investigation ended on October 24, 2005, with searches pursuant to warrants and arrests. At that time, drugs, drug paraphernalia, firearms,

---

Maynard's motions to suppress evidence obtained from a traffic stop in North Carolina [Dkt. 357] and seized from 8550 Myrtle Avenue in Bowie, Maryland [Dkt. 358]; and Jones's motions to suppress evidence seized from his jail cell [Dkt. 386] and obtained from a warrantless search of 9719 Summit Circle, Apartment 3B, in Largo, Maryland [Dkt. 373]. Because Gonzalez-Ruan is presently a fugitive, his omnibus motion will be denied without prejudice. The remaining motions will be addressed at the status hearing on September 7, 2007, or will be the subject of an evidentiary hearing to be held October 11, 2007.

[3]Kirk Carter, Gonzalez-Ruan, Guadalupe Barrone, Jose Garcia, and Carlos Reyna are also charged in the Indictment. Only Carter will be tried with Jones and Maynard, since the remaining defendants are not in custody.

and significant quantities of cash were seized from the homes of a number of the defendants, as well as from a "stash house" in Fort Washington, Maryland, where 97 kilograms of cocaine, 549 grams of crack cocaine, and over $850,000 was found. (Indictment ¶ 145.) The evidence that the government intends to introduce at trial includes, *inter alia,* items seized on October 24, 2005, numerous conversations intercepted pursuant to Title III wiretap orders, and testimony from alleged coconspirators.

I.  **Motion to Reconsider the Denial of Jones's Motion to Suppress Evidence Obtained from the Government's Interception of Wire Communications and Seizure of Electronic Communications**

As the government has correctly argued, Jones's motion for reconsideration is "an essentially verbatim repetition" of his original motion. (Response at 6.) Although Jones has added a few citations to the trial record and discussed one additional case,[4] he has failed to raise any new facts or arguments that would cause the Court to revise its prior Order. The Court has already considered and addressed Jones's arguments at length, and nothing in his motion for reconsideration or in his reply affects the Court's prior analysis. *See Jones,* 451 F. Supp. 2d at 75–79 (approving the text messaging affidavits); *id.* at 79–84 (approving the Title III affidavit).

The only new challenge is raised by Maynard, who contends that the Court should hold a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978), regarding the failure of FBI Special Agent Stephanie Yanta's Title III affidavit to discuss the possibility of using Harold Holden as a

---

[4]Jones has not explained, and the Court cannot discern, how any of the record citations could support reconsideration. (*See, e.g.,* Response at 7–8 (observing that one of the record citations "simply verifies what was in [one of] the affidavit[s]" and that another "simply recites the same activation numbers that were relied on in [Jones's] initial motion").) Similarly, Jones's discussion of *United States v. Rice,* 478 F.3d 704 (6th Cir. 2007), fails to support reconsideration since, as the government has argued, that case is readily distinguishable on its facts. (*See* Response at 10–11.)

confidential informant.[5] (*See* Mot. to Adopt at 4–8.) As this Court has previously explained:

> "[A] defendant is entitled to an evidentiary hearing *only* if his attack on the accuracy of the affidavit is 'more than conclusory' and is accompanied by 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'" Furthermore, even if the defendant makes the requisite preliminary showing, a hearing is not required unless the alleged misstatement was material to the finding of probable cause.

*Jones*, 451 F. Supp. at 78 (quoting *United States v. Gatson*, 357 F.3d 77, 80 (D.C. Cir. 2004) (quoting *Franks*, 438 U.S. at 171)). Here, Maynard offers conclusory allegations that Holden entered a cooperation plea focusing on Jones; that Holden would have been able to assist significantly in the investigation; and that Special Agent Yanta was aware of these facts but, to assure that she would obtain a warrant, deliberately omitted them from her Title III affidavit. Having offered no proof of his allegations, however, Maynard has failed to make the preliminary showing required for a *Franks* hearing. In addition, as the government has argued, the failure to mention Holden would not have been material since the investigation targeted individuals beyond "Jones and his immediate network" and the affidavit outlined "in considerable detail why informants and/or an undercover operation were unlikely to be able to expose the full scope of the Jones organization in a fashion that would likely lead to a successful prosecution of the entire organization."[6] (Response at 13.) Thus, neither requirement for a *Franks* hearing is satisfied here. *See Jones*, 451 F. Supp. at 78.

---

[5] Although Maynard additionally contends that the affidavit is based on "boilerplate" assertions (Mot. to Adopt at 5), the Court has already considered and rejected that argument. *See Jones*, 451 F. Supp. at 83.

[6] Nor is it material, as argued by Jones (*see* Reply at 1-3), that some of the alleged "targets" were not in fact involved in the drug conspiracy since, as was clear from the evidence, there was ample evidence to support Agent Yanta's affidavit with respect to other targets, including Adrian Jackson.

Because neither Jones nor Maynard has presented any basis for the Court to reconsider its prior denial of a *Franks* hearing, defendants' motion for reconsideration will be denied.

## II.     Maynard's Motion for Severance

In order "to fully protect the record," Maynard has filed a two-page motion for severance, in which he urges the Court to try him separately to ensure that the jury's ability to view his case objectively will not be compromised by the substantial evidence against Jones. (Def. Lawrence Maynard's Mot. for Rule 14 Severance at 1 n.1; *see id.* at 1–2.) Although Maynard was not a defendant at Jones's first trial,[7] much of the evidence at the prior trial related specifically to Maynard, and having heard this evidence, the Court is confident that there is no basis for severance. Any disparity between the amount of evidence against Maynard and the amount of evidence against Jones does not rise to the level that could "lead the jury to be either confused or prejudiced in assessing the evidence against [Maynard]." *United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987); *see also United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989) ("Rule 14 does not require us to reverse a denial of severance merely because a defendant 'might have had a better chance of acquittal if tried separately.' Rather, we need only determine whether the trial judge's failure to sever denied the movant a fair trial. In general, we strike a balance in favor of joint trials." (citation omitted) (quoting *United States v. Wright*, 783 F.2d 1091, 1095 (D.C. Cir. 1986))). Because Maynard will not be prejudiced by a joint trial, and because separate trials in this complex case would consume substantial prosecutorial and judicial

---

[7]Prior to that trial, Maynard entered a guilty plea, but he was later permitted to withdraw his plea since the Court had not formally accepted it. *See United States v. Jones*, No. 05-00386, Minute Entry (D.D.C. Feb. 2, 2007); *see also United States v. Dorian R. Jones*, 472 F.3d 905, 908 (D.C. Cir. 2007) ("Under Rule 11(d)(1), however, the district court has no discretion to deny a pre-acceptance withdrawal of a guilty plea.").

resources, Maynard's motion for severance will be denied.

### III.    Jones's Motion for Leave to File *Pro Se* Motions

Jones has filed a motion for leave to file a series of *pro se* motions in which he claims that the government has engaged in prosecutorial misconduct and argues that the Court erred in denying his prior motions to suppress evidence derived from a Global Positioning System tracker and seized from the search of his Moore Street house and Jeep Grand Cherokee on October 24, 2005. The Court has already considered and rejected these arguments. *See Jones*, 451 F. Supp. 2d at 85–88. Since Jones has alleged no new facts or arguments (except to raise *ad hominem* attacks against government counsel and their investigating agents), his motion for leave to file will be denied.

### IV.    Jones's Motion to Exclude Evidence Related to Prior Acquitted Conduct and to Strike Overt Acts from the Indictment

In this motion, Jones argues that his prior acquittal on various substantive counts of using a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b) ("the phone counts") estops the government from presenting evidence of the underlying phone calls or designating them as overt acts. (*See* Mot. to Exclude Evid. Related to Prior Acquitted Conduct and to Strike Overt Acts from the Indictment ["Collateral Estoppel Mot."] at 1–2.) To convict Jones of these counts, the jury would have had to find three elements: (1) knowing or intentional (2) use of a communication facility (3) "in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of [subchapters I or II of Chapter 13, Title 21 of the United States Code]." 21 U.S.C. § 843(b) (2006). According to Jones, the jury acquitted him based on a determination that the government had failed to prove

the third element. (*See* Collateral Estoppel Mot. at 5.) His theory is that, because the government presented wiretap evidence that clearly "showed [him] making or receiving [the] calls," the jury could not have doubted the government's proof that he had knowingly used a communication facility. (*Id.*; *see id.* at 4–5.) Thus, although his acquittals were by general verdict, Jones infers that the jury determined that the underlying calls did not facilitate the drug distribution conspiracy. (*See id.* at 5.) Accordingly, he argues, it would violate the doctrine of collateral estoppel to permit the government to rely on evidence of these same phone calls or list them as overt acts in furtherance of the drug conspiracy charged in Count I of the Indictment. (*See id.* at 2–5.)

Jones fails to understand (*see* Reply at 7), however, that whether his phone calls facilitated a drug distribution conspiracy is not "an ultimate issue in the present case," *Dowling v. United States*, 493 U.S. 342, 348 (1990), since the conspiracy statute under which he is charged does not require proof of any overt act.[8] *See United States v. Baugham*, 449 F.3d 167, 171 (D.C. Cir. 2006). Therefore, a jury could convict him of conspiracy in this case without contradicting any of the determinations that he argues were reached by the prior jury, for to prove the charged conspiracy, contrary to Jones's argument in his Reply at 7, the government need not prove the

---

[8]For this reason, among others, Jones's reliance on *United States v. James*, 109 F.3d 597 (9th Cir. 1997), is misplaced. (*See* Collateral Estoppel Mot. at 5.) In *James*, the conspiracy statute at issue required proof beyond a reasonable doubt of at least one overt act. *See* 18 U.S.C. § 371 (1996) ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, *and one or more of such persons do any act to effect the object of the conspiracy*, each shall be fined under this title or imprisoned not more than five years, or both.").

second element of the substantive offense.[9]  Thus, a new jury could conclude that all of the phone calls at issue were entirely innocent but that they are relevant evidence of a conspiracy.  *See, e.g., United States v. Lukens*, 114 F.3d 1220, 1222 (D.C. Cir. 1997) (approving the government's use of evidence of three payments to the defendant, who had previously been acquitted of bribery based on the same conduct, "to establish the background pattern of the relationship between [the defendant] and his alleged co-conspirators"); *see also id.* ("An act need not be independently illegal in order to qualify as an overt act for the purposes of a conspiracy charge."); *Rosetti v. Curran*, 80 F.3d 1, 5 (1st Cir. 1996) ("No intermediate fact need be proved beyond a reasonable doubt, so long as the crime itself is proved beyond a reasonable doubt.").  Thus, the Fifth Amendment permits the government to present evidence of the relevant phone calls and list them as overt acts even though Jones was acquitted of substantive offenses based on the same conduct.

## V.    Jones's Motion to Compel Production of Pen Register Applications and Related Documents or, Alternatively, to Preclude Their Use as Evidence

Jones has also moved for an order directing the government to provide him "a copy of the August 1, 2005, pen register application affidavit and order" and "documents related to pen registers used during the so-called 'ICE investigation' of Agent Katrina Gikas."  (Def.'s Mot. to Compel Production or, Alternatively, to Preclude ["Mot. to Compel"] at 1.)  In the alternative, he contends that the government should be precluded from using these documents as evidence at trial.  (*See id.*)  The government has represented that, to the extent the requested documents are available, they will be provided to Jones and that, in any event, the documents will not be

---

[9]Accordingly, it is unnecessary to decide whether - - as Jones argues but the government contests (*see* Response at 28) - - the previous jury based its acquittals on a determination that the underlying phone calls did not facilitate the alleged drug distribution conspiracy.

introduced into evidence at trial.[10]  Accordingly, Jones's motion to compel the production of pen register documents or, alternatively, to preclude their use at trial will be denied as moot.

## CONCLUSION

For the foregoing reasons, defendants' motions will be denied.  The Court will address the parties' remaining motions at the hearing scheduled for September 7, 2007.

*/s/ Ellen S Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 5, 2007

---

[10]Moreover, the government has persuasively argued that the documents are not discoverable under Federal Rule of Criminal Procedure 16 and that, even if they were, the pen register statute carries no suppression remedy.  (*See* Response at 23–24.)