UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE MAYNARD<br>  (Lead Defendant:<br>   Antoine Jones) | Crim. No. 05-386-10  (ESH)<br><br>Motions Hearing Date:<br>Nov. 6, 2007, 11:00 a.m. |

**DEFENDANT MAYNARD'S MOTION FOR CLARIFICATION OF
ADVICE GIVEN BY THE COURT AT THE SEPTEMBER 7, 2007,
STATUS CALL REGARDING IMPEACHMENT BY GUILTY PLEA STATEMENTS**

BACKGROUND

At the status call on September 7, 2007, the Court advised defendant Maynard that if he took the stand at trial, he could be impeached with the statements he made during his plea hearing before Magistrate Judge Facciola.[1]  The Court indicated that although the government clearly could not use the plea statements in its case-in-chief, the government could use the statements for impeachment if defendant elected to testify.  The Court referred

---

[1] On June 23, 2006, defendant entered a guilty plea before Magistrate Judge Facciola; however, defendant moved to withdraw his guilty plea before it had been formally accepted by this Court.  Thus, the Court had no choice except to allow defendant to withdraw his guilty plea.  See United States v. Dorian R. Jones, 472 F.3d 905, 908 (D.C. Cir. 2007) ("Under Rule 11(d)(1), however, the district court has no discretion to deny a pre-acceptance withdrawal of a guilty plea").

to the Supreme Court's opinion in "Harris" as support for its view that defendant's plea-related statements were admissible for impeachment purposes.[2]

Counsel respectfully submits that the foregoing advice the Court gave defendant was incorrect and that the Court should reinstruct defendant on this issue.

**ARGUMENT**

**A.    In the Absence of a Valid Waiver, Defendant Maynard May Not Be Impeached at Trial By His Plea-Related Statements.**

Rule 11(f) of the Federal Rules of Criminal Procedure provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."

In turn, Rule 410 provides as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
>     (1)  a plea of guilty which was later withdrawn;
>
>     (2)  a plea of nolo contendere;
>
>     (3)  any statement in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or

---

[2] Counsel did not think it necessary to obtain a transcript of the hearing prior to filing the instant motion. Counsel is quite sure that the Court cited "Harris" as support for its advice to defendant that if he took the stand at trial he could be impeached by his plea-related statements.

>      (4) any statement made in the course of
> plea discussions with an attorney for the
> prosecuting authority which do not result in
> a plea of guilty or which result in a plea of
> guilty later withdrawn.
>
>      However, such a statement is admissible
> (i) in any proceeding wherein another
> statement made in the course of the same plea
> or plea discussions has been introduced and
> the statement ought in fairness be considered
> contemporaneously with it, or (ii) in a
> criminal proceeding for perjury or false
> statement if the statement was made by the
> defendant under oath, on the record and in
> the presence of counsel.

In United States v. Wood, 879 F.2d 927 (D.C. Cir. 1989), our Court of Appeals made clear that under Fed. R. Evid. 410 a defendant's plea-related statements may not be admitted to impeach a defendant who takes the stand at trial. This ruling is consistent with rulings by other circuit courts. See e.g., United States v. Armando Acosta-Ballardo, 8 F.3d 1532, 1536 (10th Cir. 1993)[3]; United States v. Lawson, 683 F.2d 688, 693 (2nd Cir. 1982).

It is true -- as the Court no doubt had in mind when it referred to "Harris" -- that illegally obtained statements that are otherwise inadmissible in the government's direct case may nonetheless be used to impeach. Harris v. New York, 401 U.S. 222, 226 (1971) ("The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent

---

[3] Indeed, the Second Circuit in Lawson relied on our Court of Appeals' opinion in Wood in reaching its conclusion that plea-related statements are not permissible for impeachment under Rules 410 and 11. 8 F.3d at 1536.

utterances."). Such evidence may be used to impeach a defendant in response to "proper cross-examination reasonably suggested by the defendant's direct examination." United States v. Havens, 446 U.S. 620, 627 (1980).[4]

But, Rules 410 and 11 are designed to encourage unrestrained candor necessary to produce effective plea discussions and pleas. See H. Conf. Rep. No. 94-414, 94th Cong., 1st Sess. 10 (1975). The legislative history of both rules read together "establishes Congress' explicit intention to preclude use of statements made in plea negotiations for impeachment purposes." United States v. Udeagu, 110 F.R.D. 172 (E.D.N.Y. 1986)(opinion by Chief Judge Weinstein).

The societal downside of an evidentiary rule permitting a defendant to be free from impeachment with his or her plea-related statements is balanced by two factors: (1) the threat of a subsequent prosecution for perjury[5]; and (2) if convicted at the trial at which he or she is giving testimony inconsistent with prior plea statements, the court may consider the trial testimony as an obstruction of justice under the Sentencing

---

[4] Accord, Oregon v. Hass, 420 U.S. 714, 723 (1975) ("inadmissibility would pervert the constitutional right [against self-incrimination] into a right to falsify free from the embarrassment of impeachment evidence from the defendant's own mouth").

[5] Under Rule 410 of the Federal Rules of Evidence, a defendant may be subject to a prosecution for perjury or false statement if his or her inconsistent plea-related statements were made "under oath, on the record and in the presence of counsel." We note that in this case, defendant Maynard was put under oath prior to his admissions and the admissions were made on the record and in the presence of his counsel.

Guidelines, §3C1.1, thus subjecting the defendant to a sentencing enhancement. See United States v. Udeagu, supra, 110 F.R.D. at 175.

In sum, we respectfully submit that the Court was simply mistaken in relying on "Harris" and concluding that defendant may be impeached at trial with his plea-related statements.

### B. Defendant Did Not Waive His Right Not to Be Impeached with His Plea-Related Statements Should He Later Be Permitted to Withdraw His Guilty Plea.

In 1995, the Supreme Court in United States v. Mezzanatto, 513 U.S. 196 (1995), resolved a split in the circuits and held that like other constitutional and statutory rights, a defendant may waive his or her rights under Rules 410 and 11 not to be impeached at trial by prior plea-related statements[6] where he or she was allowed to withdraw his prior guilty plea.[7] Of course, the waiver must be voluntary, i.e., the product of a free and deliberate choice, rather than of intimidation, coercion, or deception. See e.g., United States v. Velez, 354 F.3d 190, 196 (2nd Cir. 2004).

Undersigned counsel has reviewed line-by-line defendant's plea agreement and the transcript of the plea proceedings before

---

[6] In Wood, our Court of Appeals avoided the issue of whether a defendant could waive his or rights under Rules 410 and 11. 879 F.2d at 937.

[7] In Mezzanatto, which was decided after Wood, the Supreme Court noted that "[w]e certainly agree that the Rules give a defendant the right not to be impeached by statements during plea discussions, but that conclusion says nothing about whether the defendant may relinquish that right by voluntary agreement." 513 U.S. at 200, n. 2.

Magistrate Judge Facciola and has found no mention of any waiver relating to any statements made during the plea process.[8]  The only reference to a waiver of rights that counsel has found[9] is contained in paragraph 5 of the plea agreement, which reads:

> 5.  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including:  the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.  Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

Unlike other plea agreements that undersigned counsel has encountered, defendant's plea agreement in this case is totally silent on Rules 11 and 410.

## **CONCLUSION**

For all of the foregoing reasons, we respectfully submit that the Court mistakenly advised defendant that he could be impeached at trial with his plea-related statements.  We suggest

---

[8]  Undersigned counsel did not begin his representation of defendant until after defendant was allowed to withdraw his guilty plea.

[9]  Copies of the transcript of defendant's plea before Judge Facciola and defendant's plea agreement are attached as Exhibit 1.

that the Court should correct the record and reinstruct defendant on this issue at the November 6, 2007, motions hearing.

Respectfully submitted,

_____/s/_____
James L. Lyons  (50690)
Kellogg, Williams & Lyons
1350 Connecticut Avenue, N.W. #600
Washington, D.C.  20036
(202) 496-0722
(202) 331-1257  (fax)
JamesLyons@verizon.net (e-mail)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of September, 2007, I caused a true and correct copy of the foregoing pleading to be delivered to the parties in this case via the Court's Electronic Case Filing (ECF).

_____/s/_____
James L. Lyons