UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

LAWRENCE MAYNARD
  (Lead Defendant:
   Antoine Jones)

Crim. No. 05-386-10  (ESH)

Motions Hearing Date:
Nov. 6, 2007, 11:00 a.m.

# EXHIBIT 1



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 9, 2006

Howard Katzoff, Esq.
601 Indiana Avenue, N.W.
Suite 500
Washington, D.C. 20004

      Re:    United States v. Lawrence Maynard, 05-386 (ESH)

Dear Mr. Katzoff:

      This letter confirms the agreement between your client, Lawrence Maynard, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Lawrence Maynard's Obligations, Acknowledgments and Waivers:

      1. Your client, Lawrence Maynard, agrees to admit guilt and enter a plea of guilty to Conspiracy to Distribute and to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 United States Code, § 846. Your client understands that pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, the charge carries a mandatory minimum sentence of 10 years imprisonment, and a maximum sentence of life imprisonment, along with a five year period of supervised release, and a fine of up to $4,000,000. . In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 50 but less than 150 kilograms of cocaine hydrochloride, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

3. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

7. The government agrees that it will not oppose a sentence of incarceration at the low end of the applicable guideline. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

9. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. The government further agrees not to oppose "safety valve" treatment of your client, as long as he provides candid and truthful information in his debriefing. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

10. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

11. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

Rachel Carlson Lieber
John V. Geise
Assistant United States Attorneys
D.C. Bar No. 496-451
555 4th Street, N.W., Room 4820
Washington, D.C. 20530
(202) 353-8055 (RCL)
(202) 616-9156 (JVG)

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Howard Katzoff, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/23/06

_____
Lawrence Maynard
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/23/06

_____
Howard Katzoff, Esquire
Attorney for the Defendant

United States v. Lawrence Maynard, Criminal No. 05-386 (ESH)

Statement of Facts

The parties agree that the following facts are true and accurate:

Beginning at least in early 2004, Lawrence Maynard began to assist Antoine Jones in some of the activities of a drug organization that distributed multi-kilogram quantities of cocaine in Washington D.C. and elsewhere. Maynard's role included renting a house in Maryland, which was used by one of Jones' sources to facilitate the storage of quantities of cocaine or for other drug related activities; acting as a courier of cash to one of Jones's sources; and occasionally distributing cocaine to, and receiving payments for drugs from, some of Jones's customers. These exchanges of drugs and money would occur in the District of Columbia area. During the course of Maynard's relationship with Jones, more than 50 kilograms but less than 150 kilograms of cocaine was distributed by members of the conspiracy.

_____
Lawrence Maynard

6/23/06
Date

_____
Howard Katzoff, Esq.
Counsel for Lawrence Maynard

6/23/06
Date

_____
John V. Geise
Assistant United States Attorney

6/23/06
Date

<u>Oral facts at plea</u>

Individuals that Maynard knew *or believed* ~~had~~ had either dropped off money from cocaine purchases or received cocaine from Jones included John Adams, Demetris Johnson, Michael Huggins, Kevin Holland, and Adrian Jackson.

[Please note that Maynard does not believe he knew or met Kirk Carter prior to being incarcerated.]

...

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -x
                              :

UNITED STATES OF AMERICA      :

   vs.                         : Criminal No. 05-0386-10

LAWRENCE MAYNARD           :

   Defendant              :
                              : Washington, D.C.
- - - - - - - - - - - - - - -x  June 23, 2006


TRANSCRIPT OF PLEA
BEFORE THE HONORABLE JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Government:     JACK GEISE, ESQ.
                          RACHEL LIEBER, ESQ.
                          Assistant United States Attorney

For the Defendant:      HOWARD KATZOFF, ESQ.

**Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395, www.pro-typists.com**
M1283/bf

2

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  This is Criminal Case 05-386-10,
 3  United States versus Lawrence Maynard.  This is a plea
 4  agreement hearing.  Will the Defendant please stand.
 5  Raise your right hand, sir.
 6          (Whereupon, the Defendant was duly sworn.)
 7          THE MAGISTRATE JUDGE:  Would you and your counsel
 8  please come to the podium.
 9          What is your name, sir?
10          THE DEFENDANT:  Lawrence Maynard.
11          THE MAGISTRATE JUDGE:  Mr. Maynard, do you first
12  understand that you're under oath and must answer my
13  questions truthfully?
14          THE DEFENDANT:  Yes, sir.
15          THE MAGISTRATE JUDGE:  Do you understand that
16  if you don't answer my questions truthfully, any false
17  statement you make shall be used against you?  Do you
18  understand that?
19          THE DEFENDANT:  Yes, sir.
20          THE MAGISTRATE JUDGE:  Now, first of all,
21  Mr. Maynard, it's most important that you understand.
22  You don't have to plead guilty.  Do you understand that?
23          THE DEFENDANT:  Yes, sir.
24          THE MAGISTRATE JUDGE:  You can plead not guilty
25  and demand a jury trial.  Do you understand that?
```

3

1	THE DEFENDANT: Yes, sir.
2	THE MAGISTRATE JUDGE: You're giving up your
3	right to a jury trial, do you understand that?
4	THE DEFENDANT: Yes, sir.
5	THE MAGISTRATE JUDGE: You're also giving up all
6	the rights you would have had at that jury trial. Do you
7	understand that?
8	THE DEFENDANT: Yes, sir.
9	THE MAGISTRATE JUDGE: They include the right
10	to have the witnesses against you come into open Court,
11	give their testimony in your presence subject to cross-
12	examination, do you understand that?
13	THE DEFENDANT: Yes, sir.
14	THE MAGISTRATE JUDGE: You would have had the
15	right to present whatever evidence you wished. You would
16	have had the right to have a subpoena to force a person to
17	come to Court to testify on your behalf, do you understand
18	that?
19	THE DEFENDANT: Yes, sir.
20	THE MAGISTRATE JUDGE: And at that trial you
21	cannot have been forced to be a witness against yourself,
22	do you understand that?
23	THE DEFENDANT: Yes, sir.
24	THE MAGISTRATE JUDGE: But now, Mr. Maynard,
25	you're going to have to admit your guilt before I'll accept

4

1  or before I will recommend the acceptance of your plea of
2  guilty. Do you understand that?
3      THE DEFENDANT: Yes, sir.
4      THE MAGISTRATE JUDGE: I'm advised, sir, that
5  you're going to plead guilty to a conspiracy to distribute
6  and possess with intent to distribute 5 kilograms or more
7  of cocaine. What that means is that you're agreeing to
8  plead guilty to the crime of agreeing with other people to
9  distribute and possess with intent to distribute a very
10 large amount of cocaine. Do you understand that?
11     THE DEFENDANT: Yes, sir.
12     THE MAGISTRATE JUDGE: That's the nature of the
13 charge against you.
14     Now, with reference to that charge I'm advised
15 that it carries a mandatory minimum sentence of 10 years
16 and a maximum of life. And also a five-year period of
17 supervised release. Do you understand that?
18     THE DEFENDANT: Yes, sir.
19     THE MAGISTRATE JUDGE: The fine that you may be
20 sentenced to is up to $4 million. Do you understand that?
21     THE DEFENDANT: Yes, sir.
22     THE MAGISTRATE JUDGE: Those are the maximum
23 sentences, you understand that?
24     THE DEFENDANT: Yes, sir.
25     THE MAGISTRATE JUDGE: You're going to also pay

5

1  a special assessment of a hundred dollars.  Do you
2  understand that?
3           THE DEFENDANT:  Yes.
4           THE MAGISTRATE JUDGE:  Now, a very significant
5  aspect of your sentencing will be the Judge's use of what's
6  called the "United States Sentencing Guidelines."  Do you
7  understand that?
8           THE DEFENDANT:  Yes, sir.
9           THE MAGISTRATE JUDGE:  The Sentencing Guidelines
10 usually set forth a range within which a person is to be
11 sentenced.  Do you understand that?
12          THE DEFENDANT:  Yes, sir.
13          THE MAGISTRATE JUDGE:  And ordinarily a Judge
14 will go within that range and stay within that range.
15 Do you understand that?
16          THE DEFENDANT:  Yes, sir.
17          THE MAGISTRATE JUDGE:  But you also appreciate
18 that nobody on earth can promise you what the sentence in
19 this case is going to be.  Do you understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE MAGISTRATE JUDGE:  It may be above the
22 guideline range or below it, do you understand that?
23          THE DEFENDANT:  Yes, sir.
24          THE MAGISTRATE JUDGE:  Has anyone promised you
25 what the sentence is going to be?

6

```
 1              THE DEFENDANT:  No, sir.
 2              THE MAGISTRATE JUDGE:  Now, with reference to
 3   other aspects of -- a question for the prosecutor.  Is
 4   there any kind of forfeiture at issue here?
 5              MR. GEISE:  No, Your Honor.
 6              THE MAGISTRATE JUDGE:  Any kind of restitution
 7   at issue?
 8              MR. GEISE:  No, Your Honor.
 9              THE MAGISTRATE JUDGE:  Now, there has been handed
10   to me a document dated June 9th, 2006, and from what I can
11   tell it bears your signature on the last page.  Is that
12   your signature, Mr. Maynard?
13              THE DEFENDANT:  Yes, sir.
14              THE MAGISTRATE JUDGE:  Did you read this
15   agreement thoroughly before you signed it?
16              THE DEFENDANT:  Yes, sir.
17              THE MAGISTRATE JUDGE:  Did you talk to your
18   lawyer about it?
19              THE DEFENDANT:  Yes, sir.
20              THE MAGISTRATE JUDGE:  Are there any questions
21   you wish to ask him about it before we proceed?
22              THE DEFENDANT:  No, sir.
23              THE MAGISTRATE JUDGE:  All right.  Are you
24   satisfied with your lawyer's services to you?
25              THE DEFENDANT:  Yes, sir.
```

Case 1:05-cr-00386-ESH   Document 387-2   Filed 09/11/2007   Page 15 of 20
Case 1:05-cr-00386-ESH   Document 190-5   Filed 09/22/2006   Page 7 of 12

7

1    THE MAGISTRATE JUDGE: Are there any questions
2 you have of him that you would like to ask before we go
3 any further?
4    THE DEFENDANT: No, sir.
5    THE MAGISTRATE JUDGE: All right. Does this
6 agreement set forth the entire agreement between you and
7 the United States?
8    THE DEFENDANT: Yes, sir.
9    THE MAGISTRATE JUDGE: Are there any other
10 promises or agreements or guarantees or assurances given
11 you that are not here?
12    THE DEFENDANT: No, sir.
13    THE MAGISTRATE JUDGE: So this is it. This is
14 the entire agreement, is that right?
15    THE DEFENDANT: Yes, sir.
16    THE MAGISTRATE JUDGE: All right. Mr. Maynard,
17 are you pleading guilty because you want to?
18    THE DEFENDANT: Yes, sir.
19    THE MAGISTRATE JUDGE: Has anyone forced you to
20 plead guilty?
21    THE DEFENDANT: No, sir.
22    THE MAGISTRATE JUDGE: Any one threatened you
23 with any harm if you didn't plead guilty?
24    THE DEFENDANT: No, sir.
25    THE MAGISTRATE JUDGE: So this plea of guilty is

Case 1:05-cr-00386-ESH   Document 387-2   Filed 09/11/2007   Page 16 of 20
Case 1:05-cr-00386-ESH   Document 190-5   Filed 09/22/2006   Page 8 of 12

8

```
 1  the product of your own free will?
 2          THE DEFENDANT:  Yes, sir.
 3          THE MAGISTRATE JUDGE:  All right.  Mr. Maynard,
 4  I'm about to recommend to Her Honor to accept your plea of
 5  guilty but before I do I've got to satisfy myself that
 6  there are facts independent of your plea of guilty that
 7  would have permitted a jury to find you guilty beyond a
 8  reasonable doubt.
 9          Now, to that end the Government filed what it
10  calls a "Statement of Facts."  And it says, as follows,
11  that beginning at least in early 2004, you began to assist
12  a man named Antoine Jones with some of the activities of
13  a drug organization that distributed multi-kilogram
14  quantities of cocaine in Washington, D.C., and elsewhere.
15          Your role included renting a house in Maryland
16  which was used by one of Jones's sources to facilitate the
17  storage of quantities of cocaine or for other drug-related
18  activities.  You acted as a courier of cash to one of his
19  sources, and you occasionally distributed cocaine and
20  received payment for drugs from some of his customers.  All
21  of this occurred in the District of Columbia.
22          During the course of your relationship with the
23  man named Jones, more than 50 kilograms but less than 150
24  kilograms of cocaine were distributed by members of this
25  conspiracy.
```

Case 1:05-cr-00386-ESH   Document 387-2   Filed 09/11/2007   Page 17 of 20
Case 1:05-cr-00386-ESH   Document 190-5   Filed 09/22/2006   Page 9 of 12

9

```
 1            That's the facts the Government says it could
 2   prove.  Is that true?
 3            THE DEFENDANT:  Yes, sir.
 4            THE MAGISTRATE JUDGE:  Can the Government prove
 5   those facts?
 6            THE DEFENDANT:  Yes, sir.
 7            THE MAGISTRATE JUDGE:  All right.
 8            MR. GEISE:  Your Honor, there is a brief oral
 9   addition.
10            THE MAGISTRATE JUDGE:  Yes.
11            MR. GEISE:  Which is as follows.  The individuals
12   that Mr. Maynard knew or believed had either dropped off
13   money from cocaine purchases or received cocaine from Jones
14   included John Adams, Demetrious Johnson, Michael Huggins,
15   Kevin Holland, and Adrian Jackson.
16            THE MAGISTRATE JUDGE:  Thank you.
17            Mr. Maynard, for the reasons that I'm about to
18   state, I'm going to recommend your plea of guilty.  I find,
19   first of all, that you have had the effective assistance of
20   your lawyer, that you're pleading guilty of your own free
21   will with a full awareness of the consequences of doing so,
22   and that independent of your plea of guilty there is a
23   factual basis.
24            I therefore will sign the document that
25   recommends to Judge Huvelle that she accepts your plea
```

1  of guilty.
2          Counsel, do you have a date from the Judge?
3          MR. GEISE: Two other minor matters, Your Honor.
4  I'm not sure, as I look at my Xerox copy, that I signed the
5  plea agreement. If the Court would check for me? I may
6  have an earlier Xerox.
7          THE MAGISTRATE JUDGE: You did not.
8          MR. GEISE: I probably should at some point
9  certainly. And --
10         THE MAGISTRATE JUDGE: Would you please hand
11 that. Thank you.
12         MR. GEISE: And the other thing, Your Honor, is
13 Mr. Katzoff and I have talked. Some of the activity in
14 this matter did occur in the District of Maryland. I have
15 spoken with the assistants there. They don't intend to
16 proceed on any of it at this point. Obviously, they aren't
17 bound, since their signatures do not appear on the
18 agreement, but at least at the moment they've indicated to
19 me they don't intend to pursue any charges arising out of
20 this matter.
21         THE MAGISTRATE JUDGE: Thank you. Counsel are
22 directed to call Gwen Franklin as soon as possible to set a
23 date at which Judge Huvelle will consider my recommendation
24 and anything else that she chooses to take up. Thank you.
25         MR. KATZOFF: Thank you, Your Honor.

11

1     THE MAGISTRATE JUDGE:  Thank you.  Thank you,
2  Mr. Maynard.
3     THE DEFENDANT:  Thank you.
4     (Whereupon, proceedings were concluded.)

```
UNITED STATES OF AMERICA  )
                          ) Criminal No. 05-0386-10
DISTRICT OF COLUMBIA      )
```

I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
PAUL R. CUTLER

I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
BONNIE FURLONG