<u>PROSECUTORIAL MISCONDUCT AND OUTRAGEOUS</u>

<u>CONDUCT PRO SE MOTION</u>

Defendant Jones is requesting a hearing on this matter of outrageous conduct, prosecutorial misconduct, constitutional violation of Ms. Deborah Oneal and Defendant Jones, Rule 17 violation and Grand Jury Procedures violation, or requesting the courts to use supervisory power to dismiss the indictment.

<u>OUTRAGEOUS CONDUCT</u>

A district court may dismiss an indictment on the grounds of outrageous government conduct amounts to a due process violation. United States v. Berrera-Moreno, 951 F.2D 1089 1091 (9th Cir 1991)

①

If the conduct rises to the level of a due process violation, the court may none the less dismiss an indictment under its supervisory powers. These powers maybe excercised for three reasons; "to remedy a constitutional or statutory violation," to protect judicial integrity by insuring that a conviction rest on appropriate considerations validly before a jury or "to deter future illegal conduct." Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available. The defendant argues that the cumulative effect of outrageous conduct, numerous alleleged impro-

(2)

PRIETY BEFORE GRAND JURY PROCEEDINGS AND TRIAL PROCEEDINGS REQUIRES DISMISSAL.

(1) REFUSAL TO ALLOW SUBPOENA EXCULPATORY WITNESS'S TESTIMONY, OR GIVE THEIR TESTIMONY TO THE GRAND JURY, CONSTITUTES UNWARRANTED INTERFERENCE WITH THE PROPER FUNCTION OF THE GRAND JURY.

(2) FAILURE TO PRESENT EXCULPATORY WITNESSES TO THE GRAND JURY WHO'VE BEEN INTERROGATED FOR HOURS, BY THE ASST. UNITED STATES ATTORNEY, F.B.I. AND M.P.D. DETECTIVES.

ON THURSDAY, JANUARY 26, 2006, MS. DEBORAH ONEAL WAS MANIPULATED TO BE INTERROGATED BY ASST. UNITED STATES ATTORNEY RACHEL LIEBER, SPECIAL AGENT YANTA, SPECIAL AGENT STEVE KERSHNER AND

(3)

MPD DETECTIVE NORMA HORNE. DEBORAH ONEAL GOT THERE AROUND 1:05 PM AND WAS TO APPEAR IN FRONT OF THE GRAND JURY AT 1:30 PM.

MS. RACHEL LEIBER AND THE AGENTS WANTED TO TALK TO MS. ONEAL BEFORE SHE APPEARED IN FRONT OF THE GRAND JURY, SHE AGREED. NOT ONCE DID THE GOVERNMENT ASK DID SHE WANTED AN ATTORNEY PRESENT IN THIS PRIVATE INTERROGATION, AND NOT ONCE DID THEY READ MS ONEAL HER MIRANDA RIGHTS.

THIS DECEPTION, INTIMIDATING, OBSTRUCTION OF JUSTICE, AND MANIPULATION VIOLATION THE ETHICAL CODE OF PROFESSIONAL CONDUCT FROM A UNITED STATES ATTORNEY.

MS. LEIBER ON OCASSION DURING THIS INTERROGATION

(4)

threatened Ms. Oneal with the consequence of perjury, yet not once put Ms. Oneal under oath. This was almost a two hour private interview and after the government completed the private interview, violating the law and procedures of Rule 17. Ms. Lieber completed the interrogation by telling Ms. Oneal this is her lucky day, and they weren't going to waste the governments, the grand jury's or Ms. Oneal's time. She ended the interview with threats of perjury if she thought Ms. Oneal was not telling the truth.

This whole ordeal was an improper use of a grand jury subpoena. It was used only to conduct there own private investigation.

"Durbin v. United States 221 F2D 520 (D.C. Cir 1954)

5

THE U.S. ATTORNEY ADMITTED THAT BECAUSE HE WAS NOT SATISFIED WITH A WITNESSES STATEMENTS, HE DID NOT TAKE THE WITNESS BEFORE THE GRAND JURY I.P. AT 622.

UNITED STATE V. MCCLEATON CITE AS 748. F2D 1278 1989, ADMITTED THAT ANYONE WHO RECEIVES A GRAND JURY SUBPOENA AND WANTED TO TESTIFY WAS TAKEN BEFORE THE GRAND JURY. JUST FOR MS. ONEAL TO TAKE TIME OFF FROM HER JOB, IT SHOWS SHE WAS WILLING TO TESTIFY IN FRONT OF THE GRAND JURY, NOT IN FRONT OF THE GOVERNMENT BEING HARRASSED AND INTERROGATED. THE "A.B.A." OR THE "COURT" DOES NOT CONDONE THIS OUTRAGEOUS BEHAVIOR FROM THE UNITED STATES OFFICE OR THE FBI AGENTS. THEY CAUTION GOVERNMENT AGENCIES TO ADHERE TO THE ETHICAL STANDARDS THAT A

(6)

A CITIZEN WOULD EXPECT FROM OFFICERS OF THE LAW.

THE UNITED STATES ATTORNEY OFFICE IS RESPONSIBLE FOR THE CONDUCT AND BEHAVIOR OF ITS ATTORNEYS AND IT'S AGENTS, AS AGENTS ARE THE ARM OF THE PROSECUTORS (QUOTING UNITED STATES V. MURRELL, 624 F2D 560, 565 (2ND CIR 1975)

### RULE 17 - SUBPOENA

A SUBPOENA MUST STATE THE COURT'S NAME AND THE TITLE OF THE PROCEEDING INCLUDE THE SEAL OF THE COURT, AND IT COMMANDS THE WITNESS TO ATTEND A HEARING OR TRIAL, MAY BE SERVED AT ANY PLACE WITHIN THE UNITED STATES.

AFTER CONSIDERING THE CONVENIENCE OF THE WITNESS AND THE PARTIES, AS THE COURT MAY ORDER

⑦

AND THE SUBPOENA MAY REQUIRE THE WITNESS TO APPEAR ANYWHERE THE COURT DESIGNATES.

THE COURT (OTHER THAN A MAGISTRATE JUDGE) "MAY HOLD IN CONTEMPT" A WITNESS WHO, WITHOUT ADEQUATE EXCUSE, DISOBEYS A SUBPOENA ISSUED BY A FEDERAL COURT IN THAT DISTRICT. A MAGISTRATE JUDGE MAY HOLD IN CONTEMPT A WITNESS WHO, WITHOUT ADEQUATE EXCUSE, DISOBEYS A SUBPOENA ISSUED BY THAT MAGISTRATE JUDGE AS PROVIDED IN 28 USC § 636(E)

HERE WE HAVE A UNITED STATES ATTORNEY "VIOLATING RULE 17", "THE GRAND JURY PROCEEDING" THE "WITNESSES 5TH AMENDMENT" THE DEFENDANT'S 5TH AND 6TH AMENDMENT" THE DEFENDANT HERE CHARGES THE GOVERNMENT WITH CONTEMPT TO COURT AND

(8)

AND VIOLATION OF DC BAR, DISCIPLINARY RULES OF PROFESSIONAL CONDUCT (REVISED EFFECTIVE 2007) ("RULE 3.8") SPECIAL RESPONSIBILITIES OF A PROSECUTOR, I LIKE TO BRING ATTENTION SPECIFICALLY TO 3.8(G) IN PRESENTING A CASE TO A GRAND JURY; INTENTIONALLY INTERFERE WITH THE INDEPENDENCE OF THE GRAND JURY, PRE-EMPT A FUNCTION OF THE GRAND JURY, ABUSE THE PROCESS OF THE GRAND JURY, OR FAIL TO BRING THE ATTENTION OF THE GRAND JURY MATERIAL FACTS TENDING SUBSTANTIALLY TO NEGATE THE EXISTENCE OF PROBABLE CAUSE.

A PROSECUTOR HAS THE RESPONSIBILITY OF A MINISTER OF JUSTICE AND NOT SIMPLY OF AN ADVOCATE. THIS RESPONSIBILITY CARRIES WITH IT SPECIFIC OBLIGATION TO SEE THAT THE DEFENDANT AFFORDED PROCEDURAL JUSTICE AND THAT GUILT IS DECIDED UPON THE BASIS OF SUFFICIENT

⑨

evidence. MS. RACHEL LIEBER HAS TO FOLLOW THE RULES! Prosecutor are object to the same obligations imposed upon all lawyers by the rules of professional conduct. Ms Lieber and parties violated "RULE 4.4(a)" Respect for right of third persons. A lawyer shall not use means that have no substantial purpose other than to "embarrass, delay or burden" a third person or knowingly use method of obtaining evidence that violates the legal rights of such a person. Rachel Lieber should not have disregard the rights of Deborah Oneal. This unwarranted intrusion was "unethical" and a violation of Deborah Oneal's 5th Amendment priviledge, right to an effective counseling, wasting her time and contempt to court, a violation once again by the government.

THERE WAS ALSO "RULE 5.3(c)(2)" THE LAWYER HAS DIRECT SUPERVISORY AUTHORITY OVER THE PERSON OR GOVERNMENT AGENCY IN WHICH THE PERSON IS EMPLOYED, AND KNOW OF THE CONDUCT AT A TIME WHEN ITS CONSEQUENCE CAN BE AVOIDED OR MITIGATED BUT FAIL TO TAKE REASONABLE REMEDIAL ACTIONS. SUCH LAWYERS HAVE RESPOSIBILITY WITH RESPECT OF LAW ENFORCEMENT OR INVESTIGATIVE PERSONNEL, WHOSE CONDUCT THEY EFFECTIVELY DIRECT. HERE WE HAVE A UNITED STATES ATTORNEY ALLOWING HER INVESTIGATORS (F.B.I. AND M.P.D. DETECTIVE) INTERROGATE MS ONEAL WITHOUT AN ATTORNEY OR READING HER, HER MIRANDA RIGHTS, OR EXPLAINING HER 5TH AMENDMENT RIGHTS TO INCRIMINATE HERSELF. MS LIEBER ALONG WITH THE OFFICERS "PRESENTED ILLEGALLY OBTAINED JAIL CALLS," USE PROFESSIONAL COERCION AND INTIMIDATING TACTICS. THIS

⑪

OVERREACHING CONDUCT AND ABOVE THE LAW ATTITUDE DENIED HER RIGHTS TO HAVE THE SAFEGUARD AGAINST GOVERNMENTAL OPPRESSION, WHICH IS OUR BASIC LIBERTY. THIS WAS MANIPULATION OF GRAND JURY'S PROCEDURE BY OVERZEALOUS PROSECUTORS.

UNITED STATES V. SAMANGO SUPRA, 607 F.2D AT 882

PROSECUTORS SHARE WITH THE COURTS THE DUTY NOT TO INTERFERE WITH THE GRAND JURY'S FUNCTION. UNDER THE CONSTITUTIONAL SCHEME, THE GRAND JURY IS NOT AND SHOULD NOT BE CAPTIVE TO ANY OF THE THREE BRANCHES. U.S. V. CHANEN SUPRA 549 F 2D A 1312.

## CONCLUSION

THE GOVERNMENT SUBPOENA SOME EXCULPATORY WITNESSES HAD THERE PRIVATE INTERVIEW TO PREPARE FOR AN INDICT-MENT, BUT NEVER ALLOWED OR PRESENT THESE EXCULPATORY

(12)

WITNESSES TO THE GRAND JURY.

THE COURT MAY EXERCISE ITS SUPERVISORY POWERS OVER CRIMINAL PROCEEDINGS IF IT APPEARS THE GOVERNMENT IS ACTING IN BAD FAITH OR IN A MANNER WHICH CONSTITUTE A PURPOSEFUL ABUSE OF THE GRAND JURY SYSTEM. SEE IN RE MELVIN 546 F 2D 1.5 (1976) AFF'D AFTER REMAND, 550 F2D 674 (1ST CIR 1977) "DURBIN V. UNITED STATES" 94 US APP DC. 415. 221 F. 2D 520 1954 (DICTUM)

DURBIN STATES, THE UNITED STATES ATTORNEY'S OFFICE IS NOT A PROPER SUBSTITUTE FOR THE GRAND JURY ROOM AND USE THE SUBPOENA TO ABUSE GRAND JURY PROCEDURES, POLICIES AND RULE 17.

THE CONSTITUTION OF THE UNITED STATES, THE STATUTE, THE TRADITION OF OUR LAW, THE DEEP ROOTED PREFERENCES OF OUR PEOPLE SPEAK CLEARLY. THEY RECOGNIZE THE    (13)

PRIMARY AND NEARLY EXCLUSIVE RULE OF THE GRAND JURY AS THE AGENCY OF COMPULSORY DISCLOSURE. IT WAS CLEARLY AN IMPROPER USE OF THE DISTRICT COURTS PROCESS FOR THE UNITED STATES ATTORNEY TO ISSUE A GRAND JURY SUBPOENA FOR THE PURPOSE OF CONDUCTING HIS OR HER OWN INQUISITION. NOR IS SUCH USE EXCUSABLE UPON THE MISTAKEN NOTION THAT A MEMBER OF THE UNITED STATES ATTORNEY'S OFFICE, HAS THE DUTY TO BE SATISFIED WITH WHAT THE WITNESS WILL TELL THE GRAND JURY, AND MAY THEREFORE USE THE SUBPOENA AS AN OPPRESSIVE TOOL TO ACHIEVE SUCH SATISFACTION.

DURBIN'S CONVICTION WAS REVERSED AND REMANDED TO THE DISTRICT COURT WITH DIRECTION TO DISMISS THE INDICTMENT.



RESPECTFULLY SUBMITTED

*Antoine Jones*
ANTOINE JONES
JANUARY 7, 2008

*Lawrence Maynard*
LAWRENCE MAYNARD
JANUARY 7, 2008