UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE MAYNARD<br>  (Lead Defendant:<br>   Antoine Jones) | Crim. No. 05-386-10  (ESH)<br><br>Sentencing Date:<br>April 24, 2008, 11:15 a.m. |

**DEFENDANT MAYNARD'S RESPONSE TO THE GOVERNMENT'S
REPLY TO DEFENDANT MAYNARD'S SENTENCING MEMORANDUM**

In response to the government's reply to defendant's sentencing memorandum, defendant makes the following brief points.

1.  The government's refers to 18 U.S.C. § 3661,[1] cited by the Supreme Court in United States v. Watts, 519 U.S. 148, 157 (1997), as well as by our Court of Appeals in United States v. Dorcely, 454 F.3d 366, 372 (D.C. Cir. 2006), for the proposition that § 3661 is a "[c]ongressional mandate" that "directs the consideration of all relevant conduct for sentencing, including

---

[1] Section 3661 provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

1

<u>acquitted conduct</u>." Government's Reply at 2-9. (Emphasis added.)

But, § 3661 does not say that a sentencing court <u>shall</u> consider acquitted conduct at sentencing. To the contrary, § 3661 refers to "conduct of a person convicted of an offense." Under the "rule of last antecedent," a limiting phrase ("convicted of an offense") should be read as modifying the phrase that it immediately follows ("conduct of a person"). See <u>Jama</u> v. <u>Immigration and Customs Enforcement</u>, 543 U.S. 335, 343 (2005). Thus, an acquitted offense would not be included within the scope of "conduct of a person." Had Congress intended in enacting § 3661 that acquitted conduct should be a regular and integral component of sentencing, it likely would have made clear this view by using phrases like "has committed" and "responsible for" instead of the chosen phrase "convicted of." See <u>United States</u> v. <u>James</u>, 478 U.S.C. 597, 604 (1986); <u>Ford</u> v. <u>United States</u>, 273 U.S. 593, 611-612 (1927).[2]

Moreover, as we have demonstrated, the Sentencing Reform Act itself and its legislative history do not authorize -- let alone mandate -- the use of acquitted conduct in calculating the guideline range. Defendant's Memorandum at 16, n. 19.

Furthermore, <u>Watts</u> reference to § 3661 was in connection with its holding that "a jury's verdict of acquittal <u>does not prevent</u> the sentencing court from considering [acquitted conduct]." 519 U.S. at 157. (Emphasis in original.) Neither

---

[2] This point was not raised by the appellant in <u>Dorcely</u>.

Watts or Dorcely holds that § 3661 mandates the use of acquitted conduct at sentencing.[3]

In short, contrary to the government's argument, § 3661 does not mandate that the Court use acquitted conduct in setting a defendant's guideline base offense level.

2. As the government notes (Government's Reply at 3-5) and as we pointed out in our memorandum, other than the Sixth Circuit, all of the federal circuits that have considered the issue have held that the use of acquitted conduct does not violate the Sixth or the Fifth Amendment. Defendant's Memorandum at 10, n. 14.

But, with the exception of the unpublished per curium opinion of the Fourth Circuit in United States v. Ibanga, 2008 U.S.App. LEXIS 6980 (4th Cir. 2008), we do not read these opinions as holding a sentencing judge must use acquitted conduct in determining a defendant's guideline range. Surely Dorcely does not compel such a reading, as Judge Friedman observed in United States v. Safavian, 461 F.Supp.2d 76 (D.C. Cir. 2006). Nor did our Court of Appeals in its recent opinion in United States v. Brown, 2008 U.S. App. LEXIS 4380 (D.C. Cir. Feb. 19, 2008), mandate (as opposed to permit) a sentencing judge to use acquitted conduct in setting the guideline range.

---

[3] As we pointed out in our memorandum, Watts did not deal with acquitted conduct vis-a-vis a defendant's jury trial rights under the Sixth Amendment, and its vitality has been undercut by the Supreme Court's opinion in Booker. See Defendant's Sentencing Memorandum at 8, n. 10.

3

3.   Even assuming Judge Friedman was incorrect,[4] and assuming the Court sees fit to use acquitted conduct to determine defendant's base offense level, the Court surely may grant a downward departure in this case based in part on considerations of the acquitted conduct issue under the rationale of <u>Kimbrough</u> v. <u>United States</u>, 128 S.Ct. 558, 564, 570 (2007) (sentencing judge "<u>may vary [from Guideline ranges] based solely on policy considerations, including disagreements with the Guidelines</u>." (Emphasis added.)  Under this non-equivocal language, we believe the Court is entirely within its rights to consider the soundness of the guideline policy of using acquitted conduct at sentencing in deciding the appropriateness of a downward variance (after it has used acquitted conduct to initially determine the defendant's base offense level).  And, as we have argued, a downward variance to more properly take into account the jury's verdict would further -- not hinder -- the goals of sentencing under 18 U.S.C. § 3553(a)(2).  Defendant's Memorandum at 26-30.

In our view, the government simply does come to grips with our argument that a downward variance in this particular case is fully consistent with all of the goals of sentencing and serves the statutory mandate that a sentence should be "<u>sufficient but not greater than necessary</u>" to achieve these goals.  18 U.S.C.§ 3553(a).  (Emphasis added.) <u>See</u> authorities cited at Defendant's

---

[4]  If Judge Friedman was egregiously wrong in his handling of the acquitted conduct issue under <u>Dorcely</u>, the government had the right to appeal his decision -- but elected not do so.

Memorandum at 27-29.[5]

4.   As regards the government's position that defendant is responsible for at least 15 kilograms of cocaine, Government's Reply at 9-10, we stand by our arguments in our memorandum at 17-24.  In our view, irrespective of the jury's verdict, even under a preponderance standard, the Court should set defendant's base offense level at no greater than level 32 (five or more but less than fifteen kilograms of cocaine).

5.   Lastly, the government summarily brushes off defendant's argument that a downward variance is warranted considering the history and characteristics of defendant, as the Court is required to consider under § 3553(a)(1).  Government's Reply at 11.

In counsel's view, the tenor of the government's argument is the same as the government used to argue before Booker.  That is, from the government's perspective, all of the factors we stress -- lack of a criminal record, service in the United States Marine Corps, caring for his wife's niece, exemplary and rehabilitative conduct during his incarceration the past 28 months -- have already been built into the guidelines and there

---

[5] Notwithstanding the creativeness of the government's proposed "opinion poll" on acquitted conduct, Government's Reply at 8, judges at the district level as well as the appellate level have concluded that use of acquitted conduct as a general rule does not always promote respect for the law or provide just punishment for the offense.  Defendant's Memorandum at 27-29.  In the words of Judge Wald, use of acquitted conduct for purposes of sentencing is a "jagged scar on our constitutional complexion" and "does not pass the test of fairness or even common sense from the vantage point of an ordinary citizen."  United States v. Baylor, 97 F.3d 542, 550-551 (D.C. Cir. 1996) (Wald, Jr., concurring specially).  (Emphasis added.)

5

is no showing that defendant's case is outside the "heartland."

It is as if the government is opposing a pre-<u>Booker</u> downward <u>departure</u>, as opposed to a § 3553(a) downward <u>variance</u>.

In short, the government refuses to give proper recognition to the legal status of the guidelines being only "advisory"; rather, the government continues to see the guidelines as <u>de facto</u> mandatory -- irrespective of <u>Booker</u>.

For all of the foregoing reasons and the reasons that will be presented at sentencing, we ask the Court to grant our request for a downward variance in the range we have suggested.

                                           Respectfully submitted,

                                         /s/
                          James L. Lyons   (50690)
                          Kellogg, Williams & Lyons
                          1350 Connecticut Avenue, N.W. #600
                          Washington, D.C.   20036
                          (202) 496-0722
                          (202) 331-1257   (fax)
                          JamesLyons@verizon.net (e-mail)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2008, I caused a true and correct copy of the foregoing pleading to be delivered to the parties in this case via the Court's Electronic Case Filing (ECF).

                                         /s/
                                    James L. Lyons